UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PROPERTY OF THE PEOPLE, INC., )
RYAN NOAH SHAPIRO, and )
JASON LEOPOLD, ) Judge _____
c/o Law Office of Jeffrey L. Light ) Civil Action No. _____
1712 Eye St., NW, Suite 915 )
Washington, DC 20006, )
)
     PLAINTIFFS )
vs. )
)
)
DEPARTMENT OF JUSTICE, )
950 Pennsylvania Ave., NW )
Washington, DC 20530, )
)
     DEFENDANT )
)
_____ )

## **COMPLAINT**

### THE PARTIES

1.    Plaintiff Jason Leopold is an investigative reporter covering a wide-range of issues, including Guantanamo, national security, counterterrorism, civil liberties, human rights, and open government.

2.    Plaintiff Ryan Noah Shapiro is a Ph.D. candidate in the Department of Science, Technology, and Society (HASTS) at the Massachusetts Institute of Technology, as well as a Research Affiliate at the Berkman Klein Center for Internet & Society at Harvard University. Plaintiff Ryan Noah Shapiro is an historian of national security, the policing of dissent, and governmental transparency.

3.    Property of the People, Inc. is a 501(c)(3) charitable organization dedicated to governmental transparency in the service of democracy. Property of the People's Operation 45 is

dedicated to ensuring transparency and accountability for the Administration of Donald J. Trump, the 45th President of the United States. Plaintiff Ryan Noah Shapiro is a founder of Property of the People.

4. Defendant Department of Justice (DOJ) is an agency of the United States.

5. The Federal Bureau of Investigation (FBI) is a component of Defendant DOJ.

6. The FBI has possession, custody and control of the records Plaintiffs seeks.

## JURISDICTION AND VENUE

7. This action arises under the Freedom of Information Act ("FOIA"), 5 USC § 552.

8. This Court has jurisdiction over the parties and subject matter pursuant to 5 USC § 552(a)(4)(B).

9. Venue is proper in this district pursuant to 5 USC § 552(a)(4)(B).

## STATEMENT OF FACTS

10. On March 16, 2017, Plaintiffs submitted to the FBI via fax a FOIA request for several categories of records relating to President Donald Trump.

11. The request sought, among other things, "[a]ny and all records mentioning or referring to the living person Donald John Trump," as well as records relating to several FBI files identified by their case numbers: 194-NK-88595, 166-LV-29911, 137-NY-19967, 137-22152, and 92-PH-99239. Each of these FBI files contains documents referring to Donald Trump by name. The request was limited to the time period of June 14, 1946 through June 15, 2015.

12. In a series of letters dated March 23, 2017, the FBI acknowledged receipt of Plaintiffs' request and assigned tracking numbers as follows:

| Subject | Tracking No. |
|---|---|
| Donald John Trump | 1369375-000 |
| 194-NK-88595 | 1369350-000 |
| 166-LV-29911 | 1369355-000 |
| 137-NY-19967 | 1369366-000 |
| 137-22152 | 1369371-000 |
| 92-PH-99239 | 1369358-000 |

13. In the March 23, 2017 letter relating to the portion of the request for records on Donald John Trump (1369375-000), the FBI refused to confirm or deny the existence of any records pursuant to Exemptions 6 and 7(C).

14. On May 5, 2017, Plaintiffs administratively appealed to OIP, via fax, the FBI's action on their request for records regarding Donald John Trump (1369375-000). In a letter dated May 12, 2017, OIP acknowledged receipt of the appeal and assigned it tracking number DOJ-AP-2017-004061. More than 20 business days have elapsed since May 5, 2017, but as of the filing of this Complaint, Plaintiffs have not received a final response from OIP adjudicating their administrative appeal.

15. In two March 23, 2017 letters relating to the portions of the request for records regarding files 137-NY-19967 (1369366-000) and 137-22152 (1369371-000), the FBI refused to confirm or deny the existence of any records pursuant to Exemption 7(E).

16. On May 5, 2017, Plaintiffs administratively appealed to OIP, via fax, the FBI's actions on their request for records regarding files 137-NY-19967 (1369366-000) and 137-22152 (1369371-000). In letters dated May 12, 2017, OIP acknowledged receipt of the appeals and assigned them tracking numbers DOJ-AP-2017-4070 and DOJ-AP-2017-004069, respectively. More than 20 business days have elapsed since May 5, 2017, but as of the filing of this Complaint, Plaintiffs have not received a final response from OIP adjudicating their administrative appeal.

17. With respect to the remaining portions of the request for records relating to 194-NK-88595 (1369350-000), 166-LV-29911 (1369355-000), and 92-PH-99239 (1369358-000), more than 20 business days have elapsed since March 23, 2017, but as of the filing of this Complaint Plaintiffs have not received a final response from the FBI with a determination as to whether or not the agency will release responsive records. Plaintiffs have also not received a response from the FBI with a final determination as to whether or not the agency will grant a fee waiver.

## THE FBI HAS IMPROPERLY WITHHELD RESPONSIVE RECORDS ON THE GROUNDS THAT CONFIRMING THE EXISTENCE OR NONEXISTENCE OF RECORDS WOULD INFRINGE MR. TRUMP'S PRIVACY INTERESTS

18. The enormous public interest in obtaining information about the existence or nonexistence of records mentioning or referring to Mr. Trump during the referenced time period clearly outweighs any embarrassment he might suffer from his name being associated with FBI investigation(s). The FBI has a statutory duty to investigate criminal conduct, and the existence or nonexistence of records about Mr. Trump prior to the election would indicate whether or not the FBI was as diligent in investigating Mr. Trump as it was of less prominent citizens. The FBI's substantive law enforcement policy is also a matter of great public concern.

19. By contrast, Mr. Trump's privacy interest is minimal. First, Mr. Trump's privacy interest is diminished because he is now President of the United States, and prior to that was a well-known celebrity and businessman. Additionally, Mr. Trump has further diminished his privacy interest by speaking publicly about contacts he has had with the FBI. For example, in an article describing his connections with organized crime, Mr. Trump told *The Washington Post* that he met with FBI agents in April 1981.

20. The FBI's own actions confirm that the public interest clearly outweighs Mr. Trump's privacy interest. The FBI has released to Plaintiffs, in response to previous FOIA requests, investigative records containing Mr. Trump's name unredacted.

21. Additionally, because the FBI has previously released responsive records, it cannot now refuse to confirm or deny the existence or nonexistence of responsive records.

22. The FBI has not only unreasonably withheld the responsive records, but has unreasonably refused to even confirm the existence of responsive records.

## THE FBI HAS IMPROPERLY WITHHELD RESPONSIVE RECORDS ON THE GROUNDS THAT CONFIRMING THE EXISTENCE OR NONEXISTENCE OF RECORDS WOULD RISK CIRCUMVENTION OF FEDERAL LAW ENFORCEMENT EFFORTS

23. Confirming that the FBI maintains files numbered 137-NY-19967 and 137-22152 would not disclose techniques, procedures, or guidelines for law enforcement investigations or prosecutions. Additionally, documents referencing file numbers 137-22152 and 137-NY-19967 in connection with the FBI's contact with Mr. Trump are already available to the public. The disclosure of the mere existence or nonexistence of responsive records could not reasonably be expected to risk circumvention of the law. The FBI has not only unreasonably withheld the responsive records, but has unreasonably refused to even confirm the existence of responsive records.

## COUNT I:
## VIOLATION OF FOIA

24. This Count realleges and incorporates by reference all of the preceding paragraphs. All documents referenced in this Complaint are incorporated by reference as if set forth fully herein.

25.     Defendant has failed to grant or even rule on Plaintiffs' request for a complete waiver of fees.

26.     Defendant has improperly refused to search for and/or disclose responsive records.

27.     Plaintiffs are deemed to have exhausted their administrative remedies because the FBI and OIP have not responded within the time period required by law.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

(1) Declare Defendant's failure to comply with FOIA to be unlawful;

(2) Order Defendant to immediately process Plaintiffs' FOIA request;

(3) Grant Plaintiffs an award of attorney fees and other litigation costs reasonably incurred in this action pursuant to 5 USC § 552(a)(4)(E)(i);

(4) Grant Plaintiffs such other and further relief which the Court deems proper.

Respectfully Submitted,

__/s/ Jeffrey Light_____
Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213
Jeffrey@LawOfficeOfJeffreyLight.com

*Counsel for Plaintiffs*