UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PROPERTY OF THE PEOPLE, INC., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 17-1193 (JEB) |
| DEPARTMENT OF JUSTICE, | ) ) ) | |
| Defendant. | ) ) | |

## JOINT STATUS REPORT

Pursuant to this Court's April 29, 2021 Order (ECF No. 64), the parties, by and through their respective undersigned counsel, respectfully submit this Joint Status Report to apprise the Court of the status of this Freedom of Information Act case.

On April 29, 2021, the Court granted in part and denied in part the parties' cross-motions for summary judgment. As relevant here, the Court determined that the Federal Bureau of Investigation ("FBI") must determine whether 19 pages the FBI withheld under Exemption 3 remain subject to a sealing order and, if so, the FBI cannot release those pages. The Court also found that the FBI must release three pages withheld under Exemption 7(E).

Since the Court's April 29, 2021 Order, the FBI has informed Plaintiff that the 19 pages it withheld under Exemption 3 remain subject to a sealing order entered by the United States District Court for the Eastern District of Pennsylvania. Defendant Department of Justice (the "Department") continues to review the portions of the decision resolved adversely to the government in accordance with its regulations and for the purpose of deciding on whether to seek appellate review. Until that decision is reached, the FBI has been directed not to release the material subject to the Court's ruling to avoid mooting the issue.

Plaintiffs have conveyed that they believe there remains at least two outstanding issues. First, the parties briefed the propriety of the FBI's withholding of all information contained in two files (file numbers 137-22152 and 137-NY-19967) under Exemptions 7(D) and 7(E). The FBI has maintained that all the information contained in the two files fall under Exemptions 7(D) and 7(E) because (1) all information in the files was provided by confidential sources under an express assurance of confidentiality (based on the sources being given file numbers, code names, and source symbol numbers, which are positive indicators that the FBI gave the sources express assurances of confidentiality); and (2) disclosing any of the information in the files would reduce the effectiveness of using confidential informants and the integrity of the FBI informant program. Plaintiffs disagree that the FBI has met its burden of showing that certain of the information contained in the two files is subject to withholding under Exemptions 7(D) and 7(E). Plaintiffs further maintain that the Court's April 29, 2021 Memorandum Opinion (ECF No. 65) does not address this dispute and intend to request that the Court do so based on the parties' previously filed briefs.

The Department does not oppose Plaintiffs' forthcoming request. Nevertheless, the FBI maintains that the FBI has properly withheld the referenced file numbers and that the Court's Memorandum Opinion supports the FBI's withholdings under Exemption 7(D) because the Court has stated the pertinent question in an Exemption 7(D) analysis "is whether the information at issue was furnished by a confidential source during the course of a legitimate criminal law [enforcement] investigation." Mem. Op. at 13. The FBI notes that its declarations support its claim that the information contained in file numbers 137-22152 and 137-NY-19967 was provided by confidential sources under an express assurance of confidentiality during investigations.

Second, Plaintiffs note that they still intend to seek attorney's fees and costs and that they

intend to wait to discuss that issue with the Department until after the Court has resolved the issue they believe remains outstanding.

Respectfully submitted,

| | |
|---|---|
| /s/ Jeffrey L. Light (By Permission)<br>Jeffrey L. Light<br>D.C. Bar #485360<br>1712 Eye St., NW<br>Suite 915<br>Washington, DC 20006<br>(202) 277-6213<br>Jeffrey@LawOfficeOfJeffreyLight.com<br><br>*Attorney for Plaintiffs* | CHANNING D. PHILLIPS, D.C. Bar #415793<br>Acting United States Attorney<br><br>BRIAN P. HUDAK<br>Acting Chief, Civil Division<br><br>By:   /s/ Michael A. Tilghman II<br>       MICHAEL A. TILGHMAN II<br>       D.C. Bar #988441<br>       Assistant United States Attorney<br>       U.S. Attorney's Office, Civil Division<br>       555 Fourth Street, NW<br>       Washington, DC 20530<br>       (202) 252-7113<br>       Michael.Tilghman@usdoj.gov<br><br>*Attorneys for the United States of America* |

Dated:  May 20, 2021