UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**PROPERTY OF THE PEOPLE, INC.**, *et al.*,

    Plaintiffs,

    v.

**DEPARTMENT OF JUSTICE**,

    Defendant.

Civil Action No. 17-1193 (JEB)

## MEMORANDUM OPINION

The final dispute in this Freedom of Information Act lawsuit relating to the pre-presidential activities of Donald Trump concerns the Government's attempt to withhold certain law-enforcement documents at the file level without providing a categorical or document-by-document explanation. The Court, however, cannot defer to such a blanket withholding and will require more detailed justifications and the possible release of segregable material.

**I.  Background**

The origin of this litigation is Plaintiffs' 2017 FOIA request to the FBI for records pertaining to Trump from June 14, 1946, through June 15, 2015, and several FBI case files that they believe reference him. See ECF No. 1 (Complaint), ¶¶ 1–3, 10–11. The Bureau initially replied with a Glomar response, refusing to confirm or deny the existence of such records. Property of the People v. Dep't of Justice (Property of the People I), 310 F. Supp. 3d 57, 62–63 (D.D.C. 2018). After an unsuccessful administrative appeal, Plaintiffs filed this suit in June of 2017. See Compl., ¶ 14. In its first partial-summary-judgment ruling, the Court rejected the FBI's Glomar response for the most part, but allowed it for a subset of law-enforcement records.

1

Property of the People I, 310 F. Supp. 3d at 73.  A robust document-production process began shortly thereafter, drawn out by COVID-19 delays.  Property of the People, Inc. v. Dep't of Justice (Property of the People II), 2021 WL 1700069, at *1 (D.D.C. Apr. 29, 2021).  The Bureau ultimately released 4,205 responsive pages and withheld 1,554 pages in part and 988 pages in full under FOIA Exemptions 3, 6, 7(A), 7(C), 7(D), and 7(E).  See ECF No. 55 (Def. MSJ) at 1, 7–29.  The parties then filed a second round of Cross-Motions for Summary Judgment in late 2020, this time focusing on a narrow group of still-withheld documents.  See ECF No. 56 (Pl. MSJ & Opp.) at 7–30; see also Def. MSJ.

While the Court addressed most issues in its latest Opinion — denying in part and granting in part each side's Motion, Property of the People II, 2021 WL 1700069 — one narrow issue still remains: whether the FBI may withhold two files (1166-LV-29911 and 137-NY-19967) under FOIA Exemptions 7(D) and 7(E).  Unsurprisingly, Defendant asserts that it can, see Def. MSJ at 28–29, and Plaintiffs disagree.  See Pl. MSJ & Opp. at 26–30.

**II.     Legal Standard**

Summary judgment must be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, 477 U.S. 242, 247–48 (1986); Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006).  A fact is "material" if it is capable of affecting the substantive outcome of the litigation.  See Liberty Lobby, 477 U.S. at 248; Holcomb, 433 F.3d at 895.  A dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  See Scott v. Harris, 550 U.S. 372, 380 (2007); Holcomb, 433 F.3d at 895.  "A party asserting that a fact cannot be or is genuinely disputed must support the assertion" by "citing to particular parts of materials in the record" or "showing that the materials cited do

not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

FOIA cases typically and appropriately are decided on motions for summary judgment. See Brayton v. Off. of the U.S. Trade Representative, 641 F.3d 521, 527 (D.C. Cir. 2011). In a FOIA case, a court may grant summary judgment based solely on information provided in an agency's affidavits or declarations when they "describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." Larson v. Dep't of State, 565 F.3d 857, 862 (D.C. Cir. 2009) (citation omitted). Such affidavits or declarations "are accorded a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting Ground Saucer Watch, Inc. v. CIA, 692 F.2d 770, 771 (D.C. Cir. 1981)). "FOIA expressly places the burden 'on the agency to sustain its action' and directs the district courts to 'determine the matter de novo.'" U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press, 489 U.S. 749, 755 (1989) (quoting 5 U.S.C. § 552(a)(4)(B)).

**III.   Analysis**

Congress enacted FOIA "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." Dep't of Air Force v. Rose, 425 U.S. 352, 361 (1976) (citation omitted). The statute promotes these aims by providing that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules[,] . . . shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). The Government need not, however, turn over requested information that falls

into one of nine statutorily created exemptions from FOIA's broad directive. Id. § 552(b)(1)–(9). Courts may compel the release of any records that do not satisfy the requirements of at least one exemption. Reporters Comm., 489 U.S. at 755. The relevant exemptions here are 7(D) and 7(E).

"[J]udicial review of an asserted Exemption 7 privilege requires a two-part inquiry." FBI v. Abramson, 456 U.S. 615, 622 (1982). First, the Court must determine whether the withheld material was "compiled for law enforcement purposes." 5 U.S.C. § 552(b)(7). That step is not in dispute here. The agency must then demonstrate that a particular subpart of Exemption 7 applies. Abramson, 456 U.S. at 622. For Exemption 7(D), that inquiry asks whether the documents "could reasonably be expected to disclose the identity of a confidential source . . . [who] furnished information on a confidential basis." 5 U.S.C § 552(b)(7)(D). Under Exemption 7(E), the question is whether publication "would disclose techniques and procedures for law enforcement investigations or prosecutions." 5 U.S.C. § 552(b)(7)(E).

Here, the Government seeks to withhold all of the documents at the file level, see ECF No. 59-1 (Second Declaration of Michael Seidel), ¶ 27, arguing that they were all provided by or pertain to informants, and that any more specific information about them could compromise the FBI's confidential-informant program. See Def. MSJ at 28–29; ECF No. 55-2 (First Declaration of Michael Seidel), ¶¶ 153–57. Plaintiffs rejoin that a file-by-file approach is impermissible in this circuit, see ECF No. 62 (Pl. Reply) at 26–27, and that the Government has not made sufficient efforts to release reasonably segregable information. See Pl. MSJ & Opp. at 26–30. They ask the Court to order Defendants to prepare a Vaughn Index and to release segregable portions of the documents. See Pl. Reply at 28. As there is little precedent regarding the Government's novel approach of categorically invoking Exemptions 7(D) and 7(E) at the file

level, the Court will seek guidance from discussions of similar arguments offered for the related Exemption 7(A). See 5 U.S.C. § 552(b)(7)(A) (documents the release of which "could reasonably be expected to interfere with [law-]enforcement proceedings").

The legislative history of Exemption 7 speaks volumes here. Congress was partially motivated to amend this exemption to avoid courts' "erroneously" permitting file-level withholdings and to have courts instead "consider the nature of the particular document as to which the exemption was claimed." N.L.R.B. v. Robbins Tire & Rubber Co., 437 U.S. 214, 229–30 (1978) (quoting senators). In Crooker v. Bureau of Alcohol, Tobacco, & Firearms, 789 F.2d 64 (D.C. Cir. 1986), the D.C. Circuit described the fine line between a permissible categorical withholding and a blanket withholding in an Exemption 7 case: "[A] blanket exemption . . . is an exemption claimed for all records in a file simply because they are in the file" and is verboten, id. at 66 (cleaned up); however, "generic determinations . . . that disclosure of particular kinds of investigatory records would generally interfere with enforcement proceedings" may be acceptable if they are well justified by the agency. Id. at 67 (cleaned up); see also Robbins Tire & Rubber Co., 437 U.S. at 235 ("extending blanket protection to anything labeled in an investigatory file" would "ignore[] Congress' original intent"). In other words, a "category-of-document by category-of-document" approach is permitted, but a "file-by-file" approach is not. Crooker, 789 F.2d at 67. The key question here is which of these methodologies Defendant employed.

The Government does itself no favors, directly stating that it is withholding the documents solely because they are within an informant file. See Seidel Second Decl., ¶ 27 ("[T]he FBI is not categorically withholding these or any other types of document; it is withholding a type of file."). Plaintiffs correctly point out that this is a blanket exemption

"claimed for all records in the file simply because they are in the file." Crooker, 789 F.2d at 66; see also Pl. Reply at 28–29. Although most, if not all, of the documents may ultimately be withheld, defendant must now either provide a Vaughn Index or define the relevant categories, determine which category each document belongs in, and state how disclosure would harm law-enforcement proceedings for each category. See Citizens for Responsibility & Ethics in Washington v. Dep't of Justice, 746 F.3d 1082, 1098 (D.C. Cir. 2014) (citation omitted) (explaining necessary steps in analogous 7(A) case).

In addition, Plaintiffs maintain that there must be at least some segregable information in the files, noting that at least one document is already known to the public and that court documents are normally segregated and released. See Pl. MSJ & Opp. at 26–28. The Government responds that it cannot segregate anything within the files, reiterating its file-level approach. See Def. MSJ at 28–30. In light of the Court's rejection of that approach, however, it follows that the Government should revisit its decisions on segregability during its category review and release any reasonably segregable portions.

**IV.   Conclusion**

For the foregoing reasons, the Court will deny Defendant's Cross-Motion for Summary Judgment as it pertains to file numbers 1166-LV-29911 and 137-NY-19967 and require more specific justifications for its withholdings. A separate Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: July 20, 2021

6