UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PROPERTY OF THE PEOPLE, INC, *et al*., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 17-1193 (JEB) |
| DEPARTMENT OF JUSTICE, | ) ) | |
| Defendant. | ) ) ) | |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT AND OPPOSITION TO
PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT**

Defendant, the U.S. Department of Justice (the "Department"), has explained that all that remains for the Court's review in this case is whether the Federal Bureau of Investigation ("FBI") has satisfied its segregability obligations with respect to two informant files—numbered 137-22152 and 137-NY-19967—all pages from which the FBI has withheld in full under one or a combination of FOIA Exemptions 3, 6, 7(C), 7(D), and 7(E), 5 U.S.C. §§ 552(b)(3), (6), 7(C), 7(D), 7(E). Defendant explained how the FBI has satisfied its segregability obligations in Defendant's Motion for Summary Judgment (ECF No. 72).

In its Response,[1] Plaintiffs do not dispute that Defendants have satisfied their segregability obligations regarding all material provided by a confidential source. Rather, Plaintiffs contend that the FBI appears to concede that there is at least some information that is not exempt but fails to explain how any non-exempt material is inextricably intertwined with exempt material. Defendant disagrees but nevertheless now provides a public *Vaughn* index which specifies its basis for

---

[1]    "Response" refers to Plaintiffs' "Memorandum of Points and Authorities in Support of Plaintiffs' Cross-Motion for Summary Judgment and in Opposition to Defendant's Motion for Summary Judgment." ECF Nos. 74, 75.

withholding categories of documents and demonstrates, in combination with the Fourth and Fifth

Declarations of Michael G. Seidel, that the FBI has satisfied its segregability obligations. Plaintiffs

have waived any challenge to the FBI's withholdings under Exemptions 7(D) and 7(E) and, in any

event, the FBI's withholdings are necessary to prevent a mosaic effect. Thus, the Court should

grant Defendant's Motion for Summary Judgment and deny Plaintiff's Cross-Motion for Summary

Judgment.

**ARGUMENT**[2]

### I.      Defendant Has Established that the Information the FBI Has Withheld from Two Informant Files is Not Reasonably Segregable for Release.

Plaintiffs confirm that "the only issue before the Court is that of segregability," Pl.'s Resp.

at 6, and claim that "it is unclear which documents the FBI considers to be exempt in their entirety

and which documents the FBI has withheld in full on the grounds that any non-exempt material is

inextricably intertwined with exempt portions." Pl.'s Resp. at 1. On that basis, Plaintiffs incorrectly

state that "the FBI has not met its burden as to the segregability issue." *Id*. at 3.

"It has long been a rule in this Circuit that non-exempt portions of a document must be

disclosed *unless* they are inextricably intertwined with exempt portions." *Mead Data Cent., Inc. v.*

*Dep't of Air force*, 566 F.2d 242, 260 (D.C. Cir. 1977) (emphasis added). Mr. Seidel—Section

Chief of the FBI's Record/Information Dissemination Section—explains:

> Following the FBI's document-by-document review, the FBI reiterates that all source-related records located within 137-22152 and/or 137-NY-19967 are exempt from disclosure as they were compiled for law enforcement purposes and release could reasonably be expected to disclose the identity of confidential sources, and the information furnished by them under assurances of express confidentiality, as well as reveal law enforcement techniques, procedures and guidelines, thus creating reasonable expectation of circumvention of the law[.]

---

[2]      Defendant incorporates by referenced the Background and Legal Standard sections included in the Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment (ECF No. 73-2).

4th Seidel Decl. (ECF No. 72-3) ¶ 11. If the withheld information is not fully exempt, the "non-exempt information on the[ withheld] pages was so intertwined with exempt material, that no information could be reasonably segregated for release" and that "[a]ny further segregation of this intertwined material . . . would have minimal or no informational content." *Id*. ¶ 14.

Plaintiffs are incorrect that the "FBI provides no specific reasons for its conclusions" on segregability, Pl.'s Resp. at 3, and "the FBI's conclusions on the issue of segregability appear to incorporate a belief that an agency may withhold 'records in a file simply because they are in the file,'" *id*. at 5. Contrary to Plaintiffs' assertions, the FBI's reasoning is contained in the Fourth Declaration of Michael G. Seidel. *See* ECF No. 72-3 ¶¶ 4-10. Regardless, Defendant has now provided a public version of a *Vaughn* index for the documents withheld from the two informant files numbered 137-22152 and 137-NY-19967, the basis for the withholding of each document in the files and again Mr. Seidel's attached Fifth Declaration states that, after a line-by-line review, he determined that the withheld non-exempt information would provide minimal or no informational content. *See* 5th Seidel Decl. ¶¶ 5-9, *Vaughn* Index, Ex. A. The combination of the *Vaughn* index and Mr. Seidel's declarations are sufficient for the FBI to satisfy its segregability obligations. *See Johnson v. Exec. Office for United States Attys*., 310 F.3d 771, 777 (D.C. Cir. 2002) (affirming district courts finding that "indexed documents were properly withheld when they were described as nonsegregable" and acceptance of an affiant's "conclusion as to the nonsegregablity of portions of other documents."); *Watkins Law & Advocacy*, *PLLC v. VA*, 412 F. Supp. 3d 98, 114 (D.D.C. 2019) (quoting *Judge Rotenberng Educ. Ctr*., *Inc. v. U.S. Food & Drug Administration*, 376 F. Supp. 3d 47, 75 (D.D.C. 2019)) (other citation omitted) ("Affidavits attesting to the agency's line-by-line review of each document withheld in full and the agency's determination that no documents contained releaseable information which could be reasonably

segregated from the nonreleasable portions, in conjunction with a *Vaughn* Index describing the

withheld record, suffice" to satisfy segregability obligations).

II.     **Plaintiffs Have Waived Any Challenge to the FBI's Withholdings Under Exemptions 7(D) and 7(E) and, in Any Event, the FBI's Withholdings are <u>Necessary to Prevent a Mosaic Effect.</u>**

A. **Plaintiffs' Waiver**

The Court should disregard Plaintiffs' claim that "the FBI's categorical reliance on

Exemptions 7(D) and 7(E) is not proper." Pl.'s Resp. at 6. Plaintiffs have already affirmed that

they are not challenging the FBI's withholdings from the two informant files numbered 137-22152

and 137-NY-19967 based on the assertion of an exemption. *See* Oct. 1, 2021 Joint Status Report

(ECF No. 70) ("[t]he only dispute that remains is whether the information withheld . . . contains

segregable information that should be released"). The Court should not permit Plaintiff to raise

through the backdoor a challenge on that issue solely because of information included in the Fourth

Declaration of Michael G. Seidel that Plaintiff claims was "not raised in [Defendant's] brief,"[3] *see*,

*e.g.*, *Am. Ctr. for Law & Just. v. Dep't of Just.*, 325 F. Supp. 3d 162, 168 (D.D.C. 2018) ("where

sophisticated parties to a FOIA case have agreed to narrow the issues in a written status report,

they generally may be held to their agreement under the traditional waiver principles."); Pl.'s Resp.

at 1. In other words, that the Fourth Declaration of Michael G. Seidel uses the heading

"Categorically Exempt Records," should not permit Plaintiffs to undo their waiver of the ability to

challenge the underlying exemptions that the FBI asserts.

---

[3] Contrary to Plaintiffs' suggestion, Defendant's opening brief provides the basis for the FBI's assertion of the underlying exemptions to withhold information under FOIA: "the substantive information included in the withheld documents, pertain to the identity of third-party individuals, information reasonably likely to lead to the disclosure of the identity of a confidential source, or the FBI's handling of confidential sources, which is "exempt from disclosure under one or a combination of FOIA Exemptions 3, 6, 7(C), 7(D), or 7(E)." Def.'s Mem. (ECF No. 72-1) at 7.

**B. Previously Released Documents Do Not Undermine Defendant's Showing That the FBI Has Satisfied its Segregability Obligations.**

Plaintiffs' reference to FD-5, FD-36, FD-159, FD-160, FD-165, FD-209, FD-221a, FD-302, FD-340, FD-350, FD-536 forms, a Form 0-7, and electronic communications that Plaintiffs claim the FBI previously released do nothing to show that "the information contained in the various FBI forms at issue is contained in discrete fields, logically grouped and capable of segregation with minimal effort." *See* Pl.'s Resp. at 5, 10-16. According to Mr. Seidel, "the information within a [Confidential Human Source] file is exempt in each document and would only leave a hollow 'shell' of the page with no informational context if processed." 4th Seidel Decl. ¶ 13. Mr. Seidel explains that to the extent there was segregable information, the "non-exempt information on these pages was so intertwined with exempt material, that no information could be segregated for release" because "segregation of this intertwined material would employ finite resources on the FBI to produce disjointed words, phrases, or sentences, that taken separately or together, would have minimal or no information content." 4th Seidel Decl. ¶ 14. "The agency's statement that any disclosure of non-exempt, segregable information would result in release only of an 'essentially meaningless' document with 'minimal or no informative substantive content' . . . suffices to show that the withheld information could not be further segregated." *Cause of Action Inst. v. VA*, Civ. A. No. 20-997, 2021 U.S. Dist. LEXIS 75417, at *57 (D.D.C. Apr. 20, 2021). "The burden then shifts to [P]laintiff[s] to 'produce a quantum of evidence to rebut th[e] presumption[,]" *id*. at 57-58, but Plaintiffs offer nothing more than speculation that informative segregable information exists. *See* Pl.'s Resp. at 10-16. Plaintiffs' speculation is insufficient to rebut the FBI's showing that it satisfied its segregability obligations. *See Scudder v. CIA*, 254 F. Supp. 3d 135, 145 (D.D.C. 2017) (finding "reasonably detailed, non-conclusory"  affidavits "submitted in good faith," "are .

. . accorded a presumption of good faith, forcing a FOIA plaintiff to rebut agency affidavits with something more than pure speculation.").

Indeed, Mr. Seidel provides further information to support the FBI's conclusion that the withheld records are not segregable for release despite the records that Plaintiff references. "[T]he FBI's segregability determinations . . . are dependent on context and circumstance, and cannot be applied in the context of source records as they might with regard to criminal case files." 5th Seidel Decl. ¶ 7. Under Exemption 7(D), the FBI withheld identifying information because release of the information would reveal the identities of confidential human sources. *Id*. ¶ 4. The *Vaughn* index provides the categories of information protected (confidential source symbol numbers, confidential source file numbers, and names, identifying information, or information provided by individuals under an express assurance of confidentiality). *Id*. at Ex. A. Such information is protected from disclosure under Exemption 7(D). *See Shem-Tov v. Dep't of Just*., 531 F. Supp. 3d 102, 108 (D.D.C. 2021) (quoting *Cobar v. Dep't of Just*., 81 F. Supp. 3d 64, 72 (D.D.C. 2015)) ("'Exemption 7(D) protects two district types of information: (1) information [that] could reasonably be expected to disclose the identity of a confidential source[;] [] and (2) information furnished by a confidential source' in the context of a criminal or national security investigation.").

Under Exemption 7(E), "the FBI must demonstrate that: (1) the records were 'compiled for law enforcement purposes'. . .; (2) the [withheld] information would 'disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions,' . . .; and (3) 'the release of the requested information might create a risk of circumvention of the law.'" *Shapiro v. Dep't of Just*., 393 F. Supp. 111, 115 (D.D.C. 2019).

Here, there is no dispute that the records withheld were compiled for law enforcement purposes. Pl.'s Resp. at 8 ("Plaintiffs concede that the documents at issue can categorically be treated as having been compiled for law enforcement purposes."). And the FBI has withheld information pertaining to its Confidential Human Source Program, a law enforcement technique and procedure, to prevent a mosaic effect. "A mosaic theory posits that separate disclosures of otherwise innocuous information could be assembled by a requester or other person to reveal 'how, when, [and] under which circumstances[] certain techniques are employed' by law enforcement and investigative agencies." *Whittaker v. Dep't of Just.*, Civ. A. No. 18-1434, 2020 U.S. Dist. LEXIS 190946, at *14 (D.D.C. Oct. 15, 2020) (quoting *Reporters Comm. for Freedom of the Press v. FBI*, Civ. A. No. 15-1392, 2020 U.S. Dist. LEXIS 48925, at *11 (D.D.C. Mar. 20, 2020)). As Mr. Seidel explains, any of the substantive information from each of the types of records Plaintiffs reference could reveal the identify of a confidential source, focus of an activity of the source, the FBI source vetting process, a source's associations, the scope and timeframe of source cooperation, or the sources value to the FBI. 5th Seidel Decl. ¶¶ 8-9. The "[r]elease of these records would cause harm under Exemption 7(E), as it would disclose non-public techniques, aspects, and strategies employed by the FBI in the handling of its [Confidential Human Source] program, which is an invaluable law enforcement tool." 5th Seidel Decl. ¶ 4.

Further, the specific categories of information withheld under Exemption 7(E) are identified in the *Vaughn* index as: surveillance techniques, operational directives concerning sensitive investigative techniques and strategies, source reporting documents, source suitability, monetary payments, search slips, and information related to polygraphs. 5th Seidel Decl. at *Vaughn* Index, Ex. A. Accordingly, Mr. Seidel's Fifth Declaration considered along with the *Vaughn* index attached thereto establishes that the FBI has "demonstrated *some* chance that

disclosure . . . risks circumvention of the law via a mosaic effect" that supports the withholding of the substantive information pertaining to the FBI's Confidential Human Sources program on the forms Plaintiffs reference under Exemption 7(E). *See Whittaker*, 2020 U.S. Dist. LEXIS 190946, at *16-17  (emphasis in original).

Plaintiffs' claim that "the general use of confidential sources is a well-known and common place procedure," Pl.'s Resp. at 9, is of no moment. "[I]n this Circuit, exemption 7(E) applies if the disclose of information related to even 'commonly known procedures' could 'reduce or nullify their effectiveness.'" *Elec. Frontier Found. v. Dep't of Just.*, Civ. A. No. 17-1039, 2019 U.S. Dist. LEXIS 65295, at *10 (D.D.C. Apr. 17, 2019) (quoting *Vazquez v. Dep't of Just.*, 887 F. Supp. 2d 114, 116 (D.D.C. 2012)). The FBI's *Vaughn* index and coded categories specify the procedures the FBI uses to run its Confidential Human Source program, the release of which could lead to the disclosure that someone is a confidential source based on how the FBI runs its program. 5th Seidel Decl. at *Vaughn* Index. In other words, "bits and pieces of data may aid in piecing together bits of other information even when the individual piece is not of obvious importance in itself." *Shapiro*, 393 F. Supp. 3d at 121 (internal quotation marks omitted).

In addition, some of the withheld records contain information that is exempt from disclosure under Exemptions 3, 6, and 7(C), where specified in the *Vaughn* index. The non-exempt information consists merely of "headings of standard forms, which are not substantive and would not reveal anything of use[,] 5th Seidel Decl. ¶ 6, and therefore need not be disclosed for the FBI to satisfy its segregability obligations, *see Cause of Action Inst.*, 2021 U.S. Dist. LEXIS 75417, at *57.  Plaintiffs' disagreement based on what Plaintiffs believe is a letterhead memorandum contained in the public domain, Pl.'s Resp. at 18-19, is of no moment as it does not undermine the

government's good faith declarations establishing that no information is reasonably segregable for release.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court grant Defendant's Motion for Summary Judgment and deny Plaintiffs' Cross-Motion for Summary Judgment.


Dated: March 2, 2022
       Washington, DC

                      Respectfully submitted,

                      MATTHEW M. GRAVES, D.C. Bar #481052
                      United States Attorney

                      BRIAN P. HUDAK
                      Acting Chief, Civil Division

                      By:       /s/ *Michael A. Tilghman II*
                      MICHAEL A. TILGHMAN II
                      D.C. Bar #988441
                      Assistant United States Attorney
                      555 Fourth Street, NW
                      Washington, DC 20530
                      (202) 252-7113
                      Michael.Tilghman@usdoj.gov

                      *Attorneys for the United States of America*